# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SIMPLY HOME HEALTHCARE, LLC, individually and on behalf of others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 19 C 2313 |
| ADVANCEMED CORPORATION, and, ALEX M. AZAR II, in his official capacity as Secretary of the Department of Health and Human Services, | Judge Harry D. Leinenweber |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated herein, the Defendants' Motion to Dismiss (Dkt. No. 14.) is granted.

## I. BACKGROUND

Title XVII of the Social Security Act and its implementing regulations govern Medicare, the federal medical insurance program for the aged and disabled. *See* 42 U.S.C. §§ 1395–1395lll (2018); 42 C.F.R. § 405 ("the Medicare Act"). The Secretary of the United States Department of Health and Human Services ("the Secretary") delegates the responsibility for administering Medicare to the Centers for Medicare & Medicaid Services ("CMS"). CMS then contracts with private entities to carry out certain tasks. Specifically, CMS contracts with Medicare Administrative

Contractors ("MACs") to process and pay reimbursement claims and Unified Zone Program Integrity Contractors ("UPICs") to identify suspected cases of Medicare fraud and prevent the mistaken overpayment of Medicare funds to healthcare providers. CMS and its contractors have the authority to temporarily suspend Medicare reimbursements to a home healthcare agency when there is reliable evidence of overpayment or a credible allegation of fraud. 42 C.F.R. § 405.371(a). Defendant AdvanceMed is one such CMS UPIC. (Compl., ¶ 27, Dkt. No. 1.) Plaintiff Simply Home is an Illinois limited liability company authorized to provide home healthcare services to Medicare beneficiaries and to seek reimbursement for such services. (*Id.* ¶ 24.)

On April 17, 2017, AdvanceMed suspended Medicare reimbursements to Simply Home. (*Id.* ¶ 90.) On April 19, 2017, Simply Home received two letters from AdvanceMed, each dated April 18, 2017. (*Id.* ¶ 91.) The first letter notified Simply Home that reimbursements were suspended as of April 17, 2017, "based on reliable information that an overpayment exists or that the payments to be made may not be correct" and initiated prepayment review of Simply Home's future reimbursement claims (Notice of Suspension of Medicare Payments at 1, Ex. G to Compl., Dkt. No. 1-7, ¶ 92.) The second letter requested medical documentation required to perform a post-payment audit of Simply Home's

reimbursement claims. (Medical Records Request, Ex. H to Compl., Dkt. No. 1-8, ¶ 93.)

After sending the requested documentation, Simply Home submitted a rebuttal statement to AdvanceMed on May 2, 2017. (Compl., ¶ 95.) On May 10, 2017, AdvanceMed sent Simply Home a letter explaining that it had forwarded the rebuttal statement to CMS and that the suspension "based on credible allegations of fraud" was to continue. (Suspension Rebuttal Response at 1, Ex. I to Compl., Dkt. No. 1-9, ¶ 96.) Simply Home then submitted a supplemental rebuttal statement to AdvanceMed on May 16, 2017 that proposed a modified suspension. (Compl., ¶ 101.) On May 24, 2017, AdvanceMed sent Simply Home a letter rejecting the supplemental rebuttal statement's modified suspension proposal, reiterating that the initial letter had been forwarded to CMS, and stating that the suspension "based on credible allegations of fraud" was to continue. (Second Suspension Rebuttal Response at 1, Ex. J to Compl., Dkt. No. 1-10, ¶ 102.) In July 2017, Simply Home transferred its patients to other agencies and laid off most of its employees. (Compl., ¶ 106.)

On September 26, 2017, AdvanceMed sent two letters to Simply Home. (*Id.* ¶ 117.) The first letter informed Simply Home that the suspension was "based on reliable information that an overpayment exists or that the payments to be made may not be correct," and asserted that Simply Home owed the Medicare Trust Funds

$5,477,879.00. (Post-Payment Review Results and Overpayment Determination at 3, Ex. L to Compl., Dkt. No. 1-12, ¶ 118.) The letter also explained the debt calculation and how interest would accrue. (*Id.* at 8, 12–13.) The second letter terminated the suspension and informed Simply Home that it could again submit reimbursement claims, subject to fund recovery for the previously denied claims. (Notice of Termination of Suspension of Medicare Payments, Ex. N to Compl., Dkt. No. 1-14, ¶ 125.)

On October 31, 2017, Simply Home sent a request for redetermination to Palmetto GBA ("Palmetto"), the assigned MAC. (Compl., ¶ 130.) Palmetto responded on December 28, 2017, notifying Simply Home that the total debt would be slightly reduced and of its right to appeal to a qualified independent contractor. (Medicare Redetermination Decision, Ex. P to Compl., Dkt. No. 1-16, ¶ 132.) Simply Home then appealed to Maximus Federal Services ("Maximus"), the assigned qualified independent contractor, on February 21, 2018. (Compl., ¶ 133.) Maximus denied the second appeal on April 24, 2018 and notified Simply Home of its right to appeal to an administrative law judge ("ALJ"). (Medicare Appeal, Ex. Q to Compl., Dkt. No. 1-17, ¶ 134.)

Only CMS's final determinations can be appealed to a district court. 42 U.S.C. § 405(h). The decision to temporarily suspend reimbursements is not a final determination, and thus is not appealable. 42 C.F.R. § 405.375(c). Although suspension

determinations are not immediately appealable, providers are entitled to appeal any subsequent overpayment determination through a four-part administrative process. 42 U.S.C. § 1395ff; 42 C.F.R. § 405.904.

The administrative process is as follows: First, the provider can seek redetermination from the contractor. 42 U.S.C. § 1395ff(a)(3); 42 C.F.R. §§ 405.904, 405.940–958. Second, the provider can seek reconsideration by a qualified independent contractor. 42 U.S.C. § 1395ff(c); 42 C.F.R. §§ 405.904, 405.960–966. Third, if the amount in controversy minimum is met, the provider can request a hearing from an ALJ. 42 U.S.C. § 1395ff(d); 42 C.F.R. §§ 405.904, 405.1000–1058. Finally, the provider can seek review of the ALJ's decision by the Medicare Appeals Council. 42 U.S.C. § 1395ff(d); 42 C.F.R. §§ 405.1100–1130. The Council's decision is final and subject to judicial review in federal district court. 42 U.S.C. §§ 405(g)–(h), 1395ii; 42 C.F.R. §§ 405.1130–36.

On April 5, 2019, Simply Home brought this putative class action against the Secretary and AdvanceMed. Simply Home seeks declaratory relief and monetary damages for tortious interference with an existing contract and violation of procedural due process rights. AdvanceMed moves to dismiss the Complaint for lack of subject matter jurisdiction.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject matter jurisdiction. On a motion to dismiss, a court accepts as true the well-pleaded factual allegations in the complaint, drawing all reasonable inferences in favor of the plaintiff. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell,* 770 F.3d 586, 588 (7th Cir. 2014). Yet, in the context of a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that jurisdictional requirements are met. *Id.* at 588–89.

## III. DISCUSSION

Defendants move to dismiss for lack of subject matter jurisdiction because Simply Home failed to exhaust administrative remedies. If Simply Home does not have a properly exhausted claim for which jurisdiction exists, it cannot assert a claim on behalf of an alleged class of injured victims. Simply Home asserts that it exhausted administrative remedies because 42 C.F.R. § 405.375(c) precludes appeals. Alternatively, Simply Home argues that the exhaustion requirement is waived for futility. For the reasons stated below, the Court finds that it lacks subject matter jurisdiction because Simply Home failed to exhaust administrative remedies.

Congress purposely limited the jurisdiction of federal courts in cases involving Medicare. *See* 42 U.S.C. § 1395ff(b)(1)(A)

(incorporating 42 U.S.C. § 405(g)); 42 U.S.C. § 1395ii (incorporating 42 U.S.C. § 405(h)). Section 405(h) "demands the 'channeling' of virtually all legal attacks through the agency." *Shalala v. Ill. Council on Long Term Care, Inc.,* 529 U.S. 1, 13 (2000); *see also Michael Reese Hosp. & Med. Ctr. v. Thompson,* 427 F.3d 436, 441 (7th Cir. 2005) ("[A] provider must channel virtually all legal attacks through the Medicare program's administrative review process before it may seek judicial review."). Section 405(g) dictates that judicial review is foreclosed until the claimant has exhausted administrative remedies and received a final decision from the Secretary. *Health Equity Res. Urbana, Inc. v. Sullivan,* 927 F.2d 963, 965 (7th Cir. 1991).

When read together, Sections 405(g) and 405(h) require exhaustion of administrative remedies prior to judicial review of any claim arising under the Medicare Act. *Heckler v. Ringer,* 466 U.S. 602, 627 (1984). A claim "arises under" the Medicare Act "'when both the standing and the substantive basis for the presentation' of the claims" originate from the Medicare Act. *Id.* at 615 (quoting *Weinberger v. Salfi,* 422 U.S. 749, 760–61 (1975)); *see also Ancillary Affiliated Health Servs., Inc. v. Shalala,* 165 F.3d 1069, 1071 (7th Cir. 1998) (finding claim to "arise under" the Medicare Act); *Bodimetric Health Servs., Inc. v. Aetna Life & Cas.,* 903 F.2d 480, 483 (7th Cir. 1990) (observing that "arising under" should be read "broadly").

The claims here arise under the Medicare Act as Simply Home admits in its Complaint, despite elsewhere framing its allegations as collateral claims. A party cannot style its claims as collateral to avoid the Medicare Act's jurisdictional requirements. *See Bodimetric,* 903 F.2d at 487 ("A party cannot avoid the Medicare Act's jurisdictional bar simply by styling its attack as a claim for collateral damages instead of a challenge to the underlying denial of benefits."); *Homewood Prof'l Care Ctr. v. Heckler,* 764 F.2d 1242, 1253 (7th Cir. 1985) ("the Medicare Act clearly requires the presentation of all disputes including any and all constitutional questions" through the administrative review process); *Salfi,* 422 U.S. at 762 (finding that constitutional challenges arise under the Social Security Act and that § 405(h) bars jurisdiction until a final decision). The Medicare Act provides both the standing and substantive bases for Simply Home's claims.

Simply Home asserts that the Declaratory Judgment Act, 28 U.S.C. § 2201, provides this Court with independent jurisdiction. Not so. "The [Declaratory Judgment] Act provides no independent source of federal subject-matter jurisdiction." *Manley v. Law,* 889 F.3d 885, 893 (7th Cir. 2018); *see also Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671–72 (1950) (finding the Declaratory Judgment Act is procedural only and does not extend jurisdiction where it is otherwise lacking). The Complaint details a dispute

over the reimbursement suspension and final overpayment decision that is rooted in the Medicare Act. Therefore, judicial review can only be had after the Secretary has made a "final decision." 42 U.S.C. § 405(g).

The "final decision" requirement has two elements. *See Matthews v. Eldridge,* 424 U.S. 319, 327 (1976). First, the claims must be presented to the Secretary. *Id.* This requirement is not waivable. *Id.* Second, the claimant must exhaust administrative remedies. *Id.* This requirement is waivable in certain limited circumstances. *Ringer,* 466 U.S. at 618. Courts generally consider three criteria for waiver of the exhaustion requirement: (1) the claim must be collateral to a demand for benefits; (2) exhaustion of the administrative process would be futile; and (3) the plaintiffs would suffer irreparable harm from delayed review. *Martin v. Shalala,* 63 F.3d 497, 504 (7th Cir. 1991).

Defendants do not dispute that the first element is satisfied but argue that Simply Home has not exhausted its administrative remedies. Simply Home claims that it exhausted administrative remedies because a temporary suspension is a non-appealable initial determination, and "no further administrative remedies [are] available. . . ." (Compl., ¶ 79; *see also* Resp. at 6–7, Dkt. No. 22) Simply Home interprets 42 C.F.R. § 405.375(c) to mean the complete "nonexistence of administrative remedies." (Resp. at 8.)

This is incorrect. Although not immediately appealable, Simply Home could raise its challenges to the suspension through the administrative review process made available after the ultimate overpayment decision. *See MedPro Health Providers, LLC v. Hargan,* No. 17 C 1568, 2017 WL 4699239, at *4–*5 (N.D. Ill. Oct. 19, 2017) (finding nothing prevented claimant from raising alleged violation of the regulations through the administrative process made available to contest the ultimate overpayment determination). Simply Home acknowledged this when it raised challenges to both the reasons for the reimbursement suspension and the overpayment determination in the first two levels of administrative review. Simply Home did not pursue the review process further and failed to complete the remaining two levels. Hence, Simply Home failed to exhaust its administrative remedies.

Simply Home next asserts that even if it were required to exhaust administrative remedies, exhaustion would be futile. In support, Simply Home relies on a case from the United States District Court for the District of Columbia. *See Am. Hosp. Ass'n et al. v. Azar et al.,* 348 F.Supp.3d 62 (D.D.C. 2018) (currently pending appeal).

*American Hospital* dealt with the Secretary's adoption of a new rule adjusting reimbursement rates for certain outpatient pharmaceutical drugs. *Id.* at 66-67. In that case, plaintiffs alleged the Secretary exceeded its authority under the

Administrative Procedure Act and Medicare Act by issuing the rule. *Id.* Defendants argued, among other things, that the court lacked subject matter jurisdiction because the plaintiffs failed to exhaust administrative remedies. *Id.* The court observed that because plaintiffs' claims raised "pure legal questions," proceeding in the district court would not interfere with agency efficiency functions, nor was a more developed factual record necessary. *Id.* at 75. The finality of the disputed rule also meant that no administrative body would "have authority to alter or deviate from its requirements." *Id.* at 76. Ultimately, the court determined that exhaustion would be futile, waived the requirement, and exercised subject matter jurisdiction. *Id.*

Simply Home's attempt to parallel *American Hospital* to the facts here is akin to fitting a square peg into a round hole. This is especially true in the face of controlling Seventh Circuit precedent that mandates administrative exhaustion. *See Burwell,* 770 F.3d 586; *Martin,* 63 F.3d 497; *Sullivan,* 927 F.2d 963; *Bodimetric,* 903 F.2d 480. Simply Home acknowledges that UPICs, like AdvanceMed, "have the option" and therefore the authority, to refer providers to MACs under 42 U.S.C. § 1395kk-1(h)(1) or to temporarily suspend payments under 42 U.S.C. § 405.372(b)(2). (Compl., ¶ 8.) At bottom, Simply Home's disagreement with Defendants' statutorily authorized choice to institute a reimbursement suspension over a referral and the ultimate

overpayment determination presents not a pure legal question, but a factual one.

The issue is whether the rationale behind and execution of the reimbursement suspension and overpayment determination was appropriate. Simply Home alleges errors occurred throughout the suspension process, which led to the ultimate overpayment decision. These are precisely the kind of errors that the administrative exhaustion process is intended to correct. Such claims are bounded in fact, and would benefit from a full administrative review:

> The exhaustion requirement serves an important purpose, preventing the premature interference with agency processes so that the agency can function efficiently and can correct its own errors, as well as affording the parties and the court the benefit of the agency's experience and expertise and compiling a record which is adequate for judicial review.

*Michael Reese Hosp. & Med. Ctr. v. Thompson,* 427 F.3d 436, 441 (7th Cir. 2005) (citing *Salfi,* 422 U.S. at 765). Under these circumstances, exhaustion would not be futile.

Simply Home has not shown that it would be irreparably harmed if required to exhaust. Despite the severe financial impact Simply Home alleges the reimbursement suspension had on its business, the ability to recover previously denied reimbursements through the administrative process is considered an adequate legal remedy. *Ringer,* 466 U.S. at 618 (finding a denial in the early stages of

the administrative process could be remedied by the later payment of benefits); *Northlake Cmty. Hosp. v. United States,* 654 F.2d 1234, 1242 (7th Cir. 1981) (noting that the "potentially severe" impact that termination of Medicare benefits has on providers "is not of constitutional significance") (citations omitted); *see also Ivanchenko v. Burwell,* No. 16 C 9056, 2016 WL 6995570 (N.D. Ill. Nov. 30, 2016) (dismissing mandamus claim in Medicare overpayment case where administrative remedies were not exhausted despite plaintiff's allegations of economic hardship and likely closure of its business). Simply Home's general statements of economic hardship during the reimbursement suspension do not warrant waiver of the administrative exhaustion requirement.

Finally, Simply Home cannot maintain a class action because it does not have a claim. Members of a class must individually meet the jurisdictional prerequisites of administrative exhaustion before seeking judicial review as a class. *Califano v. Yamasaki*, 442 U.S. 682, 704 (1979) (finding the district court only had jurisdiction over class members who had satisfied the exhaustion requirement); *Salfi,* 422 U.S. at 764 (noting class claims should have been dismissed because the class "cannot satisfy the requirements for jurisdiction under 42 U.S.C. § 405(g).") The Complaint does not name any other home healthcare agencies over which the Court has jurisdiction. Accordingly, absent a properly

exhausted claim over which this Court has jurisdiction, Simply Home cannot maintain its class claim.

## IV. CONCLUSION

For the reasons stated herein, the Court grants the Defendants' Motion to Dismiss (Dkt. No. 14) for lack of subject matter jurisdiction. Simply Home has not exhausted its administrative remedies, and the Court lacks subject matter jurisdiction over its claims. Accordingly, Simply Home's Complaint (Dkt. No. 1) is dismissed without prejudice.

**IT IS SO ORDERED.**

																_____
																Harry D. Leinenweber, Judge
																United States District Court

Dated: 1/27/2020